# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

GECOBA L. TILSON                                                         PETITIONER
ADC#115355


VS.                          5:16-CV-00030-DPM-JTR


WENDY KELLEY, Director,
Arkansas Department of Correction                              RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Gecoba L. Tilson ("Tilson"). *Doc. 2*. Before addressing Tilson's habeas claims, the Court will review the procedural history of the case in state court.

1

On May 3, 2012, a Faulkner County jury convicted Tilson of two counts of aggravated robbery, one felony count of theft of property, and one misdemeanor count of theft of property. *Doc. 7-2*. He received an aggregate sentence of 23 years' imprisonment. *Id.*

Tilson appealed to the Arkansas Court of Appeals, which affirmed his convictions on September 18, 2013. *Tilson v. State*, 2013 Ark. App. 510.[1] Tilson did not file a petition for review with the Arkansas Supreme Court.

On December 10, 2013, Tilson filed a *pro se* Rule 37 Petition in Faulkner County Circuit Court raising various ineffective-assistance of counsel claims. *Doc. 7-9*. On January 10, 2013, the trial court entered an Order denying Rule 37 relief *on the merits*, without addressing whether Tilson's Rule 37 Petition was timely. *Doc. 7-13 & 14*.

Tilson appealed the denial of Rule 37 relief.   On February 5, 2015, the Arkansas Supreme Court affirmed the denial of Rule 37 relief based solely on the

---

[1] Tilson's sole issue on direct appeal was "whether the trial court erred in allowing the store manager, Dana Clark, to identify Tilson at trial." *Tilson v. State*, 2013 Ark. App. 510, *1. Tilson argued this in-court identification was unreliable and violated his due process rights. Rejecting this argument, the Arkansas Court of Appeals ruled that: (1) the issue was not preserved for appellate review because Tilson's trial counsel failed to challenge the identification on constitutional grounds; (2)  even if the trial court erred in permitting the in-court identification, the evidence was cumulative to the identification testimony of two other witnesses, which meant that Tilson could not demonstrate prejudice;  and (3)  Tilson being seated at counsel's table did not make his in-court identification inherently unreliable where the witness testified that "his image was burned into her brain" based on her face-to-face encounter with him during the robbery. *Id.* at *3.

ground the petition was filed too late.[2] *Tilson v. State*, Supreme Court of Arkansas Case No. CR-14-383 (February 5, 2015); *Doc. 7-16*.

On January 29, 2016, Tilson initiated this *pro se* habeas action.[3] *Doc. 2*. He argues that his trial counsel was constitutionally ineffective because he committed three separate trial errors.  Respondent argues that Tilson's habeas claims are time-barred and, alternatively, procedurally defaulted.  *Doc. 7*.

Because all of Tilson's habeas claims are barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1), the Court recommends that this habeas action be dismissed, with prejudice.

## II.  Discussion

### A.     Facts Supporting Tilson's Conviction

Tilson was convicted of robbing, at gun-point, the Tobacco Superstore in Conway, Arkansas.  Dana Clark, the former manager of the Tobacco Superstore, testified that, shortly before closing on Friday, August 7, 2009, two black men

---

[2] Under Arkansas Rule of Criminal Procedure 37.2(c), Tilson's appeal from a judgment of conviction had to be filed in the trial court within sixty days of the date the mandate issued affirming his direct appeal. *Andrade-Martinez v. State*, 2014 Ark. 382 (per curiam).  The Arkansas Supreme Court determined that Tilson's Rule 37 petition was due on December 9, 2013, which meant his petition was untimely by one day.

[3] Although the Clerk of Court received and file-stamped Petitioner's habeas Petition on February 3, 2016, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir.1999); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. The Court has accepted Tilson's sworn declaration that he delivered his Petition to prison authorities for mailing on January 29, 2016. *Doc. 3, at 17-18*.

entered the Tobacco Superstore, pointed guns at her, and demanded: "Give me the g-d money."   The robbers took approximately $1320 from the register, cigarettes, and her cell phone.  Other witnesses testified that the robbers then fled on foot.[4]

Shortly after the robbery, the police, with the help of a search dog, found Charles Foster hiding in thick weeds within three or four blocks of the crime scene. Police found a purse belonging to Kerri Bradley, a store employee, and cigars taken from the store.  A gun was found nearby.  Police arrested Foster.[5]

Police concluded that the robbery was an "inside" job.  They believed that Kerri Bradley, who was working in the store when the robbery took place, was involved.  Shortly after the robbery, police arrested Kerri Bradley at the store.  Police also arrested her boyfriend, Keith Tilson, when he came to pick her up from work, because they believed he too participated in the robbery.  Keith Tilson is Petitioner Gecoba Tilson's brother.

After making these three arrests, the police went to the apartment of Keith Tilson and Kerri Bradley in the early morning hours of August 8.  Petitioner Gecoba Tilson was in the apartment when police knocked, but refused to open the door.

---

[4] *Doc. 7-19*, at 86-88, 95, 98, 104-106, 190-191; R. 611-613, 620, 623, 629-631, 715-716.

[5] *Doc. 7-19* at 220-223; R. 745-748.  Foster was tried separately and convicted.

After calling a SWAT team, police took Tilson into custody at approximately 3:25 a.m. on Saturday, August 8, 2009.[6]

The police then executed two search warrants at the apartment.  In the first search, they found a sweaty shirt believed to have been worn by Tilson during the robbery.  In the second search, they found a cell phone taken from Dana Clark and tennis shoes believed to have been worn by Tilson during the robbery.  Both items were shown to the jury at trial, along with video footage of the robbery.[7]

Following his arrest, Tilson gave two voluntary statements to the police.  Both statements were recorded and played for the jury at trial.  In the first statement, Tilson denied any involvement in the robbery.  In the second statement, one day later, Tilson confessed that he was the second gunman in the robbery and stated that his brother, Keith Tilson, and Kerri Bradley had nothing to do with the robbery.[8]

At trial, three eyewitnesses, Dana Clark, Rebecca Clark, and Cody Rose, identified Tilson as one of the two robbers.  Rebecca Clark and her boyfriend, Cody Rose, entered the store shortly before the robbery to give Dana Clark, Rebecca's mother, a ride home from work.  None of these three witnesses were asked to identify Tilson before trial.

---

[6] *Doc. 7-20* at 19-20; R. 782-783.

[7] *Doc. 7-20* at 74-76; R. 837-839.

[8] *Doc. 7-18* at 154-172; R. 374-392.

Dana Clark, the Tobacco Superstore manager and cashier who was robbed at gunpoint, testified that, after the two gunman entered the store with guns, they repeatedly demanded money. Before leaving, one of the robbers hit her in the head and everyone in the store was told to lay on the store and count to ten before getting up.[9]   Over defense counsel's objection, Dana Clark identified Tilson (who was seated in the courtroom next to his lawyer) as one of the robbers.[10]

Cody Rose testified that he was standing with his girlfriend by the Tobacco Superstore' front door when two black males entered the store.  As they entered, they were pulling something up over their faces and reaching into their pants.  When Rose saw this, he grabbed his girlfriend by the arm and pulled her out of the store. Rose testified that he saw the robbers' faces as they entered the store, and, over defense counsel's objection, he identified Tilson as one of the robbers.

Rose further testified that:  (1) after leaving the store, he and Rebecca drove across the street to call 911;  (2) after making this call, he saw the robbers fleeing the Tobacco Store on foot;  and (3) he tried to follow the robbers in his car, but stopped when one of the robbers turned and pointed a gun in his direction.[11]

---

[9]  *Doc. 7-19*, at 87-89; R. 612-614.

[10]  Doc. 7-19, at 104- 106; R. 629-631.

[11]  *Doc. 7-19*, at 112-117, 126-127; R. 637-642, 651-652.

Rebecca Clark corroborated Rose's version of events and also identified Tilson as one of the robbers.  Additionally, she testified, over defense counsel's objection, that Tilson was the person who "raised his arm" in their direction as she and Rose tried to follow the robbers.[12]

Thus, the evidence in support of Tilson's guilt included:  (1) physical evidence from his brother's apartment that directly linked Tilson to the crime scene;  (2)  the testimony of three different eyewitnesses, each of whom identified Tilson as one of the robbers;  and (3)  Tilson's confession to the crime.

B.    **Tilson's Habeas Claims Are Barred By The Applicable One Year Statute of Limitations**

1.    **Tilson's State Conviction Was "Final" On October 7, 2013**

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year after the state "judgment of conviction becomes final" by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).  When a criminal defendant fails to seek discretionary review of his criminal conviction in the state's highest court, his judgment becomes "final" when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

---

[12] *Doc. 7-19*, at 210-211; R. 735-736.

7

After the Arkansas Court of Appeals September 18, 2013 decision affirming his conviction, Tilson had eighteen calendar days, until October 6, 2013, to file a petition for review with the Arkansas Supreme Court.  Ark. Sup. Ct. R. 2-4(a) (stating petitions for review must be filed within 18 calendar days of the date of the Arkansas Court of Appeals' decision).   Because October 6 fell on a Sunday, the deadline became October 7, 2013.  *See* Ark. R. App. P. - Crim. 17.

Because Tilson elected not to seek discretionary review from the Arkansas Supreme Court, his conviction became "final" 18 days later, on Monday, October 7, 2013.  Absent "statutory tolling," Tilson had one year from that date to initiate this action.

### B.    No Tolling of the One-Year Limitations Period Applies

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2).   However, the limitations period is *not tolled* in the interval between the conclusion of direct review and the filing of a state post-conviction period.  *Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011), cert. denied, 132 S.Ct. 1113 (2012).

Additionally, while a "*properly filed* application for State post-conviction or other collateral review" tolls the limitation period, an untimely application for post-conviction relief has *no tolling effect*.  28 U.S.C. § 2244(d)(1) (emphasis added);  *see also Runyan v. Burt*, 521 F.3d 942, 943-944 (8th Cir. 2008); *Jackson v. Dormire*, 180

F.3d 919, 920 (8th Cir.1999) (pendency of state postconviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period).

The Arkansas Supreme Court's ruling that Tilson's Rule 37 petition was untimely is binding on this Court.[13]   Accordingly, the one-year federal habeas statute of limitations began to run on October 7, 2013, and was not tolled during the pendency of any of Tilson's state post-conviction proceedings in the trial and appellate court, which meant that Tilson had until and including October 7, 2014 to file this habeas action.  Rather than doing so, Tilson waited until January 29, 2016 to initiate this action. [14]

Tilson does not address the untimeliness of his federal habeas petition. Instead, relying on 28  U.S.C. § 2243,[15] he argues that Respondent's Response

---

[13] Under Arkansas law, Rule 37 petitions like the one filed in this case are subject to a mandatory, jurisdictional 60-day filing deadline. Ark. R. Crim. P. 37.2(c)(ii).  The Arkansas Supreme Court found that Tilson's Rule 37 petition was due no later than Monday, December 9, 2013.  Because it was filed on Tuesday, December 10, 2013, the Court held that it was untimely, which meant it lacked jurisdiction to consider the petition on the merits. *Tilson v. State*, Supreme Court of Arkansas Case No. CR-14-383 (February 5, 2015).

[14] Although the Clerk of Court received and file-stamped Petitioner's habeas Petition on February 3, 2016, it was deemed "filed," as a matter of law, on January 29, 2016, the date it was delivered to prison authorities for mailing to the Court. *Ford v. Bowersox,* 178 F.3d 522, 523 (8th Cir.1999); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. The Court has accepted Tilson's sworn declaration that he delivered his Petition to prison authorities for mailing on January 29, 2016. *Doc. # 3,* at 17-18.

[15] Section 2243 provides in part:
A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

should be dismissed as untimely because it was filed more than three days after the filing of his habeas Petition. *Doc. 11 at 1-2*. On its face, § 2243 has *no application* to the date Respondent was required to file her Response. *See* Rule 4 of Rules Governing Section 2254 Cases (if a habeas petition is not dismissed, judge establishes "fixed time" for respondent to file a responsive pleading); *Doc. 5* (directing Respondent to file a responsive pleading within 21 days of service of Tilson's Petition). Similarly, this argument has no bearing on the timeliness of this habeas action.

Liberally construed, Tilson's habeas papers also suggest that he believes his ineffective assistance of counsel claims should be heard, despite their untimeliness, based on the Court's holding in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).[16] *Doc. 11 at 3*. Tilson's reliance on *Martinez* is misplaced. *Martinez* provides no basis for extending the limitations period under § 2244(d)(1)(C). The Court's ruling in *Martinez* was an "equitable ruling" and did not establish "a new rule of constitutional

---

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
. . .
28 U.S.C. § 2243.

[16] Because all his claims are time-barred, it is unnecessary to address Tilson's argument that *Martinez* can save his admittedly procedurally defaulted claims. It is clear, however, that Tilson's ineffective assistance claims cannot survive the required analysis under *Martinez* and *Strickland v. Washington*, 466 U.S. 668 (1984). The evidence of Tilson's guilt, which included his confession to the crime, was overwhelming,

10

law." *Id*. at 1319.  In addition, Courts have uniformly held that, while *Martinez* changed the law regarding federal habeas review of procedurally defaulted claims, the decision does not constitute an "extraordinary circumstance" warranting equitable tolling of the one-year statute of limitations for filing a timely § 2254 habeas action.  *See Arthur v. Thomas*, 739 F.3d 611, 631, 633 (11th Cir. 2014) (holding that 'the reasoning of the *Martinez* rule does not apply to . . . [the one-year] limitations period in § 2254 cases or any potential tolling of that period); *Parkhurst v. Wilson*, 525 F. App'x 736, 738 (10th Cir. 2013) (habeas petitioner's "recent discovery of a relevant legal defense" based on *Martinez* does not provide a basis for equitable tolling); *Smith v. Hobbs*, 2014 WL 2718698, at *2 (E.D. Ark. May 15, 2014) (*Martinez* holding is not an extraordinary circumstance that would justify equitable tolling; "[w]hether a claim is procedurally defaulted is a completely distinct question from whether it is barred by the ... statute of limitations").

Although not specifically argued by Tilson, the Court has considered whether there might be any other basis for him to claim equitable tolling of the one-year limitations period. Because the United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar, it may be subject to equitable tolling if a petitioner can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 2562 (2010).

First, Tilson has not demonstrated that he pursued his rights diligently.  All of his claims of ineffective assistance of counsel were available to him at the time of his conviction.  He offers no explanation for failing to pursue his federal rights between October 7, 2013 and October 7, 2014, the applicable one-year limitations period.  The fact that he used some of this time pursuing an untimely Rule 37 petition does not excuse his lack of diligence.    See *Gordon v. Arkansas*, 823 F.3d 1188, 1195, n. 4 (8th Cir. 2016) (rejecting petitioner's argument to apply equitable tolling to period he was attempting to exhaust state-court remedies).  *Pace v. DiGuglielmo*, 544 U.S. 408, 416, 418 (2005) (refusing to apply equitable tolling after observing that a "petitioner's reasonable confusion about whether a state [post-conviction] filing would be timely will ordinarily constitute 'good cause' for him to file [a protective petition] in federal court.").

Second, Tilson has not demonstrated any "extraordinary circumstances" as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling. *See*, *e.g*., *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004); *Baker v. Norris*, 321 F.3d 769 (8th Cir. 2003).

### III. Conclusion

The Court concludes that all of Petitioner's habeas claims are time-barred.

IT IS THEREFORE RECOMMENDED THAT:

1.      The Petition for a Writ of Habeas Corpus be DENIED, and this habeas action be DISMISSED, WITH PREJUDICE; and

2.      A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 17th day of January, 2017.

_____

UNITED STATES MAGISTRATE JUDGE